NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICOLE DESIREE DUNN,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.    23-55707

D.C. No. 5:23-cv-00312-BFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Brianna Fuller Mircheff, Magistrate Judge, Presiding

Submitted July 12, 2024[**]
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and ANELLO,[***] District Judge.

    Nicole Desiree Dunn appeals the district court's order and judgment

affirming the Commissioner of Social Security's denial of disability insurance

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

benefits and supplemental security income. "We review a district court's judgment upholding the denial of social security benefits de novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (internal quotation mark and citation omitted).

To establish a disability for purposes of the Social Security Act, a claimant must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "In order to determine whether a claimant meets this definition," the Administrative Law Judge ("ALJ") "employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Here, the ALJ found Dunn not disabled because there were jobs that existed in significant numbers in the national economy that she could perform based on her age, education, work experience, and residual functional capacity ("RFC"). The ALJ determined Dunn's RFC was limited to understanding and carrying out "simple instructions" that were "consistent with reasoning level one or two." This finding was supported by substantial evidence.

First, Dunn contends that the ALJ erred in assessing the findings of the two state agency psychological consultants, and that this error was harmful because it resulted in an RFC that did not account for all of her limitations. Specifically, Dunn asserts that because the state agency doctors opined that she was "capable of carrying out simple one[-] to two[-]step (unskilled) tasks," the RFC finding that Dunn could understand and carry out "simple instructions" was error. Contrary to Dunn's assertions, the state agency doctors did not clearly limit her to only one- to two-step tasks. Instead, both doctors also found Dunn capable of performing unskilled work and simple tasks that she could sustain for a 40-hour work week, adapting to changes, interacting with others, and maintaining concentration, persistence and pace throughout a normal workday as related to simple unskilled tasks.

The ALJ's interpretation of the state agency doctors' conclusions is also consistent with the remainder of the record, which showed that although Dunn struggled with a mood and learning disorder, she was able to finish high school and maintain employment for roughly eight years as well as care for her newborn baby as a stay-at-home mother. In addition, the record shows that Dunn was able to work a second part-time job as an Instacart driver without the need for outpatient mental health treatment or medication. Further, although it appeared that her mood symptoms worsened with the birth of her child, the record shows that medication

3

was beneficial in managing her symptoms. Therefore, substantial evidence supported the ALJ's RFC assessment.

Next, Dunn argues the "ALJ did not separately address, criticize, or state reasons for rejecting [the state agency doctors'] limitation on one[-] to two[-]step (unskilled) tasks." Although the ALJ was required to explain why "significant probative evidence has been rejected," *Vincent ex rel. Vincent*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks and citation omitted), here, the ALJ did not reject the state agency doctors' opinions; she resolved a conflict in their testimony. As noted above, the state agency doctors did not opine that Dunn could only perform one- to two-step tasks. Instead, the doctors wrote that Dunn could perform one- to two-step tasks *and* simple tasks, which is entirely consistent with the RFC. Because the doctors opined that Dunn could perform *both* kinds of tasks, the ALJ's decision to adopt the broader limitation was reasonable. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a) (noting an RFC represents the most a claimant can do, not the least). Therefore, "the ALJ's conclusion must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Finally, as noted by the district court, Dunn asserts that "the ALJ should have placed more stock" in the state agency doctors' finding that Dunn "is capable of carrying out simple one[-] to two[-]step (unskilled) tasks" based on where their

4

findings for simple work appeared in their assessments. On appeal, Dunn argues that based on the Social Security Administration's Program Operations Manual System ("POMS") DI 24510.060 § B, the state agency doctors were required to record Dunn's mental RFC "in section III of the assessment in a narrative format" and that the "statements in section I referring to simple work are a mere worksheet." Dunn's argument is meritless. The three-section form that POMS DI 24510.060 § B refers to is Special Form SSA-4734-F4-SUP. This is *not* the form that the state agency doctors used. Instead, the doctors used a "disability determination explanation" that is identical in substance to Special Form SSA-4734-F4-SUP but different in form. In the disability determination explanation, the mental RFC comes at the end of each of the four functional areas rather than at the end of the entire assessment as in Special Form SSA-4734-F4-SUP. Therefore, the ALJ did in fact address the narrative portions of the state agency doctors' RFC assessments.

Accordingly, the district court's order is **AFFIRMED**.